JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Walker

**DEFENDANTS**
Massachusetts Bay Commuter Rail Company, LLC
Massachusetts Bay Transportation Authority
Keolis Commuter Service, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
D. Sean McMahon, Esquire, One Financial Center, 15th Fl., Boston, MA
William Myers, Jr., Esquire, 1515 Market St., Ste 810, Phila., PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
45 U.S.C. 51
Brief description of cause:
Personal Injury - FELA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

**DATE** 10/06/2015
**SIGNATURE OF ATTORNEY OF RECORD** *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   Mark Walker v. Massachusetts Bay Commuter Rail Company, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ☑ III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Not applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME D. Sean McMahon, Esquire and William Myers, Jr. , Esquire
ADDRESS Myers Lafferty Law Offices, 1515 Market Street, Philadelphia PA 19102
TELEPHONE NO. 215-988-1229

(CategoryForm9-2014.wpd )

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK WALKER, | CIVIL ACTION NO.: |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| MASSACHUSETTS BAY COMMUTER RAIL COMPANY, LLC. a/k/a MBCR, | |
| and | |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY a/k/a MBTA, | |
| and | |
| KEOLIS COMMUTER SERVICE, LLC a/k/a KCS, | |
| Defendants. | |

## COMPLAINT

Plaintiff Mark Walker, by his undersigned counsel, for his Complaint against defendants Massachusetts Bay Commuter Rail Company, LLC, Massachusetts Bay Transportation Authority and Keolis Commuter Service, LLC, avers the following:

### THE PARTIES

1. Plaintiff, Mark Walker is an adult individual residing at 2 Frances Drive, Seabrook, NH 03874.

2. Defendant, Massachusetts Bay Commuter Railroad Company, LLC ("MBCR"), is and was at all times material hereto a Limited Liability Company duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3. Defendant, Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4. Defendant, Keolis Commuter Service, LLC ("KCS") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 101 Federal Street, Suite 1900, Boston, MA 02110.

### NATURE OF THE ACTIONS, JURISDICTION AND VENUE

5. Mr. Walker's cause of action against MBCR, MBTA and KCS arises under the Act of Congress of April 22, 1908, 35 Stat. 65, Chapter 149, and amendments thereto, codified at 45 U.S.C. Section 51 et seq., and commonly known as the Federal Employers' Liability Act (the "FELA").

6. This Court has federal question jurisdiction over Mr. Walker's FELA action pursuant to 28 U.S.C. §1331. This Court also has jurisdiction over Mr. Walker's FELA action pursuant to 45 U.S.C. Section 56, which vests the State and Federal Courts with concurrent jurisdiction over FELA claims.

7. This Court has personal jurisdiction over MBCR, MBTA and KCS, which carry on a continuous and systematic part of their general business within the District Court of Massachusetts.

8. Venue is appropriate pursuant to 28 U.S.C. §1391(b)(1) and (c). MBCR, MBTA and KCS are subject to personal jurisdiction here and so reside in the District of Massachusetts.

## COUNT I
## MARK WALKER v. MBCR
**(Federal Employers' Liability Act)**

9. Mr. Walker hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 9, hereinabove.

10. Defendant, MBCR was, at the time of the accident and injuries herein alleged, and is now, doing business within the jurisdiction of this Court as an interstate common carrier of passengers for hire by rail into and from the various states of the Union and the District of Columbia.

11. At the time of the accident and injuries herein alleged, Mr. Walker was employed by Defendant MBCR as an electrician and was working in furtherance of interstate commerce and transportation by railroad.

12. At all times hereto, MBCR owed a duty to its employees, including Mr. Walker, to act as a reasonable employer to provide Mr. Walker with a safe place to work.

13. At all times material hereto and for some time prior thereto, defendant MBCR operated locomotives and/or trains owned and /or maintained by Defendant MBTA.

14. On or about October 22, 2012, while performing his duties as an electrician out of defendant's Boston Engine Terminal Train Yard in Boston, Massachusetts, Mr. Walker was taking readings from the melters along the track, when he fell into an 18-inch-deep hole.

15. As a result of the accident, Mr. Walker suffered injury to his left knee, requiring medical treatment, including left knee surgery on January 17, 2013 and total left knee arthroplasty on June 19, 2013.

16. As a further result of the accident, Mr. Walker was caused to be out of work, and to lose wages and benefits, from October 22, 2012 to October 21, 2013.

17. As a further result of the accident, Mr. Walker endured and will continue to endure physical pain, suffering and discomfort, loss of quality of life, and mental distress.

18. As a further result of the accident, Mr. Walker incurred medical bills and expenses, and may incur medical bills and expenses in the future.

19. Mr. Walker's accident, injuries and damages were caused by MBCR's negligent violation of the Federal Employers' Liability Act in that MBCR, through its agents, servants and employees:

 (a) Exposed Mr. Walker to unsafe and dangerous conditions in the yard and the ground surrounding it;

 (b) Failed to inspect its premises to uncover unsafe and dangerous conditions;

 (c) Failed to remedy the dangerous and unsafe conditions in question; and

 (d) Failed to post warning signs or otherwise to warn Mr. Walker that the ground conditions were unsafe.

**WHEREFORE**, Plaintiff Mark Walker demands judgment in his favor and against Defendant, Massachusetts Bay Commuter Rail Company in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

### COUNT II
### MARK WALKER v. MBTA
### (In Negligence)

20. Mr. Walker hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 19, hereinabove.

21. At all times hereto defendant MBTA provided public transportation through its commuter rail lines to defendant MBCR.

22. Mr. Walker's accident, injuries and damages by MBTA's negligence in the following respects:

 (a) Exposed Mr. Walker to unsafe and dangerous conditions in the train yard and the ground surrounding it;

(b) Failed to inspect its premises to uncover unsafe and dangerous conditions;

(c) Failed to remedy the dangerous and unsafe conditions in question; and

(d) Failed to post warning signs or otherwise to warn Mr. Walker that the ground conditions were unsafe.

**WHEREFORE**, Plaintiff Mark Walker demands judgment in his favor and against Defendant, Massachusetts Bay Transportation Authority in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT III
## MARK WALKER v. KEOLIS
## (In Negligence)

23. Mr. Walker hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 22, hereinabove.

23. Upon information and belief, KCS has assumed liability of the MBTA commuter rail lines, and so KCS is obligated to compensate Mr. Walker for any negligence on the part of MBTA.

**WHEREFORE**, Plaintiff, Mark Walker demands judgment in his favor and against Defendant Keolis Commuter Rail in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**A jury trial is demanded.**

BY: _____
D. Sean McMahon, Esquire
BBO#: 567542
McMahon & Associates, PC
One Financial Center, 15th Floor
Boston, MA 02111
(617) 600-5400
sean@mcmahontaxlaw.com

10/5/2015

BY: _____
William L. Myers, Jr., Esquire
BBO No. 666006
Myers Lafferty Law Offices, P.C.
Suite 810
1515 Market Street
Philadelphia, PA 19102
(215) 988-1229

(Attorneys for Plaintiff Mark Walker)

7